PETER J. WHALEN, State Bar No. 130041
peter.whalen@clydeco.us
YVONNE M. SCHULTE, State Bar No. 237868
yvonne.schulte@clydeco.us
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Plaintiff
GREAT AMERICAN INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>HARDY & HARPER, INC., a California corporation,<br><br>Defendant. | Case No. 5:20-cv-1655<br><br>COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT |

Plaintiff Great American Insurance Company (hereinafter referred to as "Plaintiff" or "Great American") submits the following Complaint for Declaratory Relief and Reimbursement:

**NATURE OF ACTION**

1. This is an action for declaratory relief and reimbursement arising from an insurance coverage dispute under an insurance policy issued to Hardy & Harper, Inc. by Great American (the "Excess Policy"). Great American contends it had no obligation to indemnify Hardy & Harper, Inc. ("H&H") in an underlying action against H&H, styled *Canyon Lake Property Owners Ass'n v. Hardy & Harper, et al.*, Riverside Superior Court Case No. RIC 1506750 (the "*Canyon Lake* action"). In the *Canyon Lake* action, the plaintiffs alleged that H&H negligently performed paving work as the general contractor on a project known as the Canyon Lake Rehabilitation Project, which resulted in excessive

and premature cracking of the asphalt at the project.

2. H&H recently settled the *Canyon Lake* action and demanded that Great American contribute $1,500,000 to the settlement. Great American agreed to pay $1,500,000 towards the settlement under a complete reservation of rights, including the right to seek reimbursement from H&H for that payment, pursuant to the principles articulated in *Blue Ridge Insurance Co. v. Jacobsen* (2001) 25 Cal. 4th 489 ("*Blue Ridge*") and other California law.

3. Great American contends that, because the settlement of the underlying action against H&H is not covered by the Excess Policy, Great American is entitled to be reimbursed for its $1,500,000 settlement payment, pursuant to the principles articulated in *Blue Ridge* and other California law.

4. The settlement is not covered under the Excess Policy because, among other things, the property damage at issue– cracked asphalt– was to H&H's own work. Therefore, the "your work" exclusion in the Excess Policy bars coverage. Any alleged property damage to property other than H&H's own work was *de minimis* and well within the limits of the primary policy directly underlying the Policy. Great American is informed and believes that H&H contends otherwise.

## JURISDICTIONAL ALLEGATIONS

5. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201(a) requesting a judgment declaring the rights of Plaintiff Great American with respect to an actual controversy arising under an insurance policy. Great American also asserts claims for affirmative damages against Defendant H&H for reimbursement of settlement monies paid on H&H's behalf in the underlying *Canyon Lake* action.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00 and there is complete diversity between the parties.

7. Plaintiff Great American is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

8. Defendant H&H is a corporation organized and existing under the laws of the State of California with its principal place of business in Lake Forest, California.

9. The amount paid by Great American on H&H's behalf in settlement of the underlying

*Canyon Lake* action exceeds $75,000.00.

## VENUE ALLEGATIONS

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(2) and (3) because this is a civil action in which the subject matter jurisdiction is founded only on diversity of citizenship and is brought in a judicial district in which the Defendant is subject to personal jurisdiction.

11. This action is filed in the Southern Division of the United States District Court for the Central District of California in compliance with Central District of California General Order 349, and is proper under 28 U.S.C. §§1441(a) and 1446(a) because the Superior Court of the State of California, County of Orange, is located in the U.S. District Court for the Central District of California.

## FACTUAL ALLEGATIONS

### I.     The *Canyon Lake* Action

12. This case arises out of H&H's work as the general contractor on the Canyon Lake Pavement Rehabilitation Project (the "Project"), which was performed in a gated community in Riverside County known as Canyon Lake. The Project began in or about August 2012 and concluded in or about February 2013. The work was performed pursuant to a July 5, 2012, contract between H&H and the Canyon Lake Property Owners Association ("Canyon Lake"). According to the contract, the scope of work consisted of removing and replacing the existing asphalt pavement structural section with asphalt rubber hot mix or conventional hot mix asphalt, cold central plant recycling, grind and overlay pavement, crack sealing, utility adjustment, and associated repair work to the concrete curbs, gutters, cross-gutters, and spandrels at various locations throughout the community. While H&H contracted with certain entities to provide product and services at the site, it performed a majority of work at the site.

13. Cracking of the asphalt was observed at the Project site beginning in May of 2013, and premature and extensive cracking were observed in January and February of 2014. On June 5, 2015, Canyon Lake filed a complaint against H&H and others, alleging excessive and premature cracking of the asphalt that H&H had itself rehabilitated.

14.     A true and correct copy of the operative Third Amended Complaint (without exhibits)

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

5151884                                3                                Case No. 5:20-cv-1655
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

in the *Canyon Lake* action is attached hereto as Exhibit 1.

## II. The Insurance Policies

15. As relevant here, Great American issued Excess Liability Policy No. TUE 5-95-00-69 to Hardy & Harper, Inc., for the policy period from July 1, 2012, to July 1, 2013 (the "Excess Policy"). A true and correct copy of the Excess Policy is attached hereto as Exhibit 2.

16. The Excess Policy is excess of, and generally follows form to, Scottsdale Insurance Company Policy No. BCS 0028236, issued for the same policy period, which provides limits of $1 million per occurrence and $2 million in the aggregate, subject to a $2,500 per-occurrence deductible for property-damage liability (the "Scottsdale Primary Policy").

17. The Scottsdale Primary Policy contains the following exclusion:

> **l.   Damage To Your Work**
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

18. The Scottsdale Primary Policy contains the following definitions:

> **16.**   "Product-completed operations hazard":
>
> **a.**   Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
> (1)   Products that are still in your physical possession; or
>
> (2)   Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>
> (a)   When all of the work called for in your contract has been completed.
>
> (b)   When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
>
> (c)   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

> Work that may been service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed….
>
> **22.**   "Your work":
>
>     **a.**   Means:
>
>         (1)   Work or operations performed by you or on your behalf; and
>
>         (2)   Materials, parts or equipment furnished in connection with such work or operations.
>
>     **b.**   Includes:
>
>         (1)   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
>
>         (2)   The providing of or failure to provide warnings or instructions.

19. Because the cracked asphalt at issue in the *Canyon Lake* action was H&H's own work, the "your work" exclusion bars coverage.

20. The Excess Policy, and the Scottsdale Primary Policy to which it follows form, contain other terms, conditions, exclusions, and limitations that bar or limit coverage for the settlement in the *Canyon Lake* action.

### III.   Great American's Coverage Correspondence to H&H

21. Great American sent a reservation-of-rights letter to H&H on November 8, 2018, which reserved the right to deny or limit coverage on various grounds, including the "your work" exclusion. The letter advised that Great American believed that the Excess Policy likely provided no coverage for the *Canyon Lake* action.

22. Great American was later advised that H&H had received a $2.5-million settlement demand from Canyon Lake, and that H&H's primary insurer, Scottsdale, had agreed to contribute its $1-million policy limit towards the settlement demand. H&H demanded that Great American pay the remaining $1.5 million portion of the settlement demand.

23. In support of its demand that Great American contribute $1.5 million towards the settlement demand, counsel for H&H provided Great American with certain information that it asserted supported its position. After considering H&H's arguments and the information provided in

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

support thereof, Great American provided a lengthy response to these arguments in an email dated July 19, 2019.

24. In response to H&H's demand, Great American also issued a supplemental reservation-of-rights letter on July 19, 2019. In that letter, Great American reiterated the fact that the "your work" exclusion barred coverage and that other policy provisions could also bar or limit coverage. The letter stated as follows, in pertinent part:

> However, as stated in prior communications and discussed further in this letter, Great American does not believe that any part of this remaining $1.5 million portion of the settlement demand is covered by its Excess Policy. <u>Consequently, please be advised that any payment Great American makes towards the settlement demand will be subject to a full reservation of rights, including the right to seek reimbursement from H&H for any payment made that is not covered by its Excess Policy. This reservation of rights to seek reimbursement from H&H is made pursuant to the applicable portions of *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489, 502 (2001) and/or *Buss v. Superior Court*, 16 Cal.4th 35, 50-53 (1997) and other applicable California law</u>.

25. Counsel for H&H responded to Great American's supplemental reservation-of-rights letter with a letter dated July 25, 2019, in which H&H took issue with Great American's coverage position, reiterating the points that H&H had previously made.

26. Great American responded to H&H's letter the next day. In its July 26, 2019 letter, Great American reiterated its previously stated position that the Excess Policy did not provide coverage. The letter then stated as follows, in pertinent part:

> However, based on H&H's demand that Great American pay $1,500,000 towards the settlement, and defense counsel's opinion that the settlement is reasonable, <u>Great American agrees to pay $1,500,000 subject to a full and complete reservation of its rights, including the right to seek reimbursement from H&H for any amounts that are not covered under its Excess Policy pursuant to the applicable portions of *Blue Ridge Ins. Co. v.* Jacobsen, 25 Cal.4th 489, 502 (2001) and/or *Buss v. Superior* Court, 16 Cal.4th 35, 50-53 (1997), and other applicable California law.</u>

27. Great American subsequently paid $1.5 million to counsel for Canyon Lake on behalf of H&H in settlement of the *Canyon Lake* action.

## FIRST CAUSE OF ACTION

### (Declaratory Relief Regarding the Duty to Indemnify)

28. Plaintiff adopts and reasserts the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201(a) requesting a judgment declaring the rights of Plaintiff Great American with respect to an actual controversy arising under an insurance policy. Great American seeks a judicial determination that the Excess Policy does not provide coverage for the *Canyon Lake* action and it therefore had no duty to indemnify H&H for the settlement in the underlying *Canyon Lake* action.

30. Great American contends, among other things, that it had no duty to indemnify H&H for the settlement in the *Canyon Lake* action because the property damage at issue–cracked asphalt– was to H&H's own work. Therefore, the "your work' exclusion in the Excess Policy bars coverage. Any alleged property damage to property other than H&H's own work was *de minimis* and well within the limits of the Scottsdale Primary Policy. Other terms, conditions, exclusions, and limitations in the Excess Policy and the Scottsdale Primary Policy also apply to bar or limit coverage for the settlement in the *Canyon Lake* action.

31. Great American is informed and believes and on that basis alleges that H&H disagrees with Great American's contentions, and that H&H contends that Great American was obligated under the terms of the Excess Policy to indemnify H&H for the settlement of the underlying *Canyon Lake* action.

32. An actual controversy has arisen and now exists between Great American on the one hand, and H&H on the other, regarding Great American's duty to indemnify H&H in the *Canyon Lake* action.

33. This Court is vested with the power in the instant case, and Great American hereby respectfully requests a judicial determination and declaratory judgment of its rights with respect to its duty to indemnify H&H in the *Canyon Lake* action.

34. Such a judicial declaration is necessary and appropriate at this time in view of the controversy and genuine dispute between Plaintiff Great American on the one hand and Defendant H&H on the other hand, as described above.

## SECOND CAUSE OF ACTION

### (Reimbursement of Indemnity Payment)

35. Plaintiff adopts and reasserts the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Great American had no duty under the Policy to indemnify H&H for the settlement in the underlying *Canyon Lake* action because the Excess Policy does not provide coverage for the action.

37. Great American paid $1,500,000 in indemnity towards the settlement of the underlying *Canyon Lake* action on H&H's behalf, subject to a complete reservation of rights, including the right to seek reimbursement of the $1,500,000. Accordingly, Great American has an equitable and quasi-contractual right to be reimbursed by H&H for the $1,500,000 Great American paid to indemnify H&H for the settlement in the underlying *Canyon Lake* action, pursuant to, among other things, the principles articulated in *Blue Ridge*.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Great American prays for judgment against H&H as follows:

1. For a declaration that, by reason of the terms, conditions, exclusions, and limitations of the Excess Policy, Plaintiff had no obligation under the Excess Policy to indemnify H&H for the settlement in the underlying *Canyon Lake* action;

2. For a judgment that, by reason of the terms, conditions, exclusions, and limitations of the Great American Excess Policy, Plaintiff is entitled to reimbursement from H&H of the $1,500,000 it paid on H&H's behalf towards the settlement of the underlying *Canyon Lake* action, plus interest;

3. On all causes of action, for costs incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated: August 17, 2020                    CLYDE & CO US LLP

By: _____
Peter J. Whalen
Yvonne M. Schulte
Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY